[No. S162156. May 28, 2009.]

In re S.B. et al., Persons Coming Under the Juvenile Court Law.
LASSEN COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
SHARYL S., Defendant and Appellant;

COUNSEL

Gino de Solenni for Defendant and Appellant.

R. Craig Settlemire, County Counsel, for Plaintiff and Respondent.

John J. Sansone, County Counsel (San Diego), John E. Philips, Chief Deputy County Counsel, and Caitlin E. Rae, Deputy County Counsel, for San Diego County Health and Human Services Agency as Amicus Curiae on behalf of Plaintiff and Respondent.

OPINION

**CORRIGAN, J.**—Welfare and Institutions Code section 366.26 authorizes the juvenile court to find that adoption of a dependent child is probable but difficult, and to order a search for an appropriate adoptive family. (Welf. & Inst. Code, § 366.26, subds. (b)(3), (c)(3).)[1] The Courts of Appeal have divided over whether such orders are appealable. We hold that they are.

In this case, the Court of Appeal dismissed as premature an appeal from orders entered under section 366.26(c)(3). The mother of the affected children asks us to review only the question of appealability. We need not consider the facts to answer this question.

## DISCUSSION

"A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be

---

[1] Further statutory references are to the Welfare and Institutions Code, unless otherwise noted. Hereafter, subdivisions (b) and (c) of section 366.26 are cited as "section 366.26(b)" and "section 366.26(c)." At the time of the juvenile court hearing in this case, the provisions now found in section 366.26(b)(3) appeared in former section 366.26(b)(2). Like the Court of Appeal, we cite the current version of the statute for reasons of convenience and clarity. For the same reasons, we identify the orders at issue by reference to section 366.26(c)(3) only. As shown below, section 366.26(c)(3) contains the operative provisions for the placement option specified in section 366.26(b)(3).

appealed as an order after judgment." (§ 395, subd. (a)(1); see *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018 [32 Cal.Rptr.3d 89, 116 P.3d 550]; *In re Gabriel G.* (2005) 134 Cal.App.4th 1428, 1435 [36 Cal.Rptr.3d 847] (*Gabriel G.*) [citing cases]; *In re Ramone R.* (2005) 132 Cal.App.4th 1339, 1350 [34 Cal.Rptr.3d 344] (*Ramone R.*) [citing cases].) As a result of these broad statutory terms, "[j]uvenile dependency law does not abide by the normal prohibition against interlocutory appeals . . . ." (*In re Edward H.* (1996) 43 Cal.App.4th 584, 590 [50 Cal.Rptr.2d 745]; see *Ramone R.*, at p. 1350.) The dispositional order is the "judgment" referred to in section 395, and all subsequent orders are appealable. (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 668 [71 Cal.Rptr.2d 764].) " 'A consequence of section 395 is that an unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order.' (*In re Jesse W.* (2001) 93 Cal.App.4th 349, 355 [113 Cal.Rptr.2d 184].)" (*Sara M.*, at p. 1018; see *Ramone R.*, at p. 1350.)

The Legislature has restricted the right of appeal in certain dependency contexts. (See §§ 366.26, subd. (*l*)(1) [orders setting § 366.26 hearings] & 328 [placement orders following termination of parental rights].) As the mother here notes, however, there is no such limiting provision for section 366.26(c)(3) orders. We review the statutory context of these orders, before examining the parties' claims and the split that has developed among the Courts of Appeal on the issue before us.

The section 366.26 hearing is a critical late stage in a dependency proceeding. The child has been under juvenile court jurisdiction for an extended period following the dispositional order, and the court has held one or more review hearings to consider a return to parental custody. (See § 366.21.) At the section 366.26 hearing, the focus shifts away from family reunification and toward the selection and implementation of a permanent plan for the child. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309 [19 Cal.Rptr.2d 544, 851 P.2d 826].) Section 366.26 sets out "the exclusive procedures for conducting these hearings." (§ 366.26, subd. (a).) If adoption is likely, the court is required to terminate parental rights, unless specified circumstances compel a finding that termination would be detrimental to the child.[2] (§ 366.26(c)(1); *In re Celine R.* (2003) 31 Cal.4th 45, 53 [1 Cal.Rptr.3d 432, 71 P.3d 787].)

---

[2] The exceptions provided in section 366.26(c)(1) are as follows:

"(A) The child is living with a relative who is unable or unwilling to adopt the child because of circumstances that do not include an unwillingness to accept legal or financial responsibility

Under section 366.26(b), the court must "make findings and orders in the following order of preference: [¶] (1) Terminate the rights of the parent or parents and order that the child be placed for adoption . . . . [¶] (2) Appoint a relative or relatives with whom the child is currently residing as legal guardian or guardians for the child, and order that letters of guardianship issue. [¶] (3) On making a finding under paragraph (3) of subdivision (c), identify adoption as the permanent placement goal and order that efforts be made to locate an appropriate adoptive family for the child within a period not to exceed 180 days. [¶] (4) Appoint a nonrelative legal guardian for the child and order that letters of guardianship issue. [¶] (5) Order that the child be placed in long-term foster care, subject to the periodic review of the juvenile court under Section 366.3."

Section 366.26(c)(3) comes into play "[i]f the court finds that termination of parental rights would not be detrimental to the child . . . and that the child has a probability for adoption but is difficult to place for adoption and there is no identified or available prospective adoptive parent." (*Ibid.*) In that case, "the court may identify adoption as the permanent placement goal and without terminating parental rights, order that efforts be made to locate an appropriate adoptive family for the child . . . within a period not to exceed 180 days." (*Ibid.*) "At the expiration of this period, another hearing shall be held and the court shall proceed pursuant to paragraph (1) [adoption] or (4) [guardianship] of subdivision (b)." (*Ibid.*)

---

for the child, but who is willing and capable of providing the child with a stable and permanent environment through legal guardianship, and the removal of the child from the custody of his or her relative would be detrimental to the emotional well-being of the child. . . .

"(B) The court finds a compelling reason for determining that termination would be detrimental to the child due to one or more of the following circumstances:

"(i) The parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship.

"(ii) A child 12 years of age or older objects to termination of parental rights.

"(iii) The child is placed in a residential treatment facility, adoption is unlikely or undesirable, and continuation of parental rights will not prevent finding the child a permanent family placement if the parents cannot resume custody when residential care is no longer needed.

"(iv) The child is living with a foster parent or Indian custodian who is unable or unwilling to adopt the child because of exceptional circumstances, that do not include an unwillingness to accept legal or financial responsibility for the child, but who is willing and capable of providing the child with a stable and permanent environment and the removal of the child from the physical custody of his or her foster parent or Indian custodian would be detrimental to the emotional well-being of the child. . . .

"(v) There would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship . . . .

"(vi) The child is an Indian child and there is a compelling reason for determining that termination of parental rights would not be in the best interest of the child . . . ."

■ The Court of Appeal dismissed mother's appeal from orders entered under section 366.26(c)(3). It was not persuaded by her reliance on the general rule of appealability provided in section 395, reasoning that she was challenging only the *finding* that her children were probably adoptable. This was error. It is true that "one does not appeal from a finding; one appeals from a judgment or from an order that the Legislature has designated as appealable." (*Gabriel G., supra*, 134 Cal.App.4th at p. 1435.) However, review of findings is normally obtained by appeal from the ensuing judgment or order. (Code Civ. Proc., § 906; *In re Matthew C.* (1993) 6 Cal.4th 386, 396 [24 Cal.Rptr.2d 765, 862 P.2d 765].) That is what occurred here. Mother appealed from the "order that efforts be made to locate an appropriate adoptive family." (§ 366.26(c)(3).)

The Court of Appeal also rejected mother's reliance on *Gabriel G., supra*, 134 Cal.App.4th 1428, and *Ramone R., supra*, 132 Cal.App.4th 1339, both of which hold that section 366.26(c)(3) orders are appealable. The court instead followed *In re Y.R.* (2007) 152 Cal.App.4th 99 [60 Cal.Rptr.3d 820] (*Y.R.*), which disagreed, in dicta, with *Gabriel G.* and *Ramone R.* The *Y.R.* court reaffirmed its earlier decisions in *In re Jacob S.* (2002) 104 Cal.App.4th 1011 [128 Cal.Rptr.2d 654] (*Jacob S.*), and *In re Cody C.* (2004) 121 Cal.App.4th 1297 [17 Cal.Rptr.3d 928] (*Cody C.*), holding that appeals by parents from section 366.26(c)(3) orders were premature. *Jacob S.* and *Cody C.* viewed these orders as mere continuances of section 366.26 hearings, which did not aggrieve the parents in any way. (*Jacob S.*, at p. 1019; *Cody C.*, at pp. 1300–1301; see *Y.R.*, at p. 111.) Respondent, Lassen County Department of Health and Human Services (the Department), urges us to adopt this reasoning. However, the *Ramone R.* and *Gabriel G.* courts provide the more convincing analysis.

In 2005, *Ramone R.* observed that the rationale of *Jacob S.* and *Cody C.* had been undermined by recent amendments to section 366.26(c)(3), which limited the placement options available to the trial court. The Legislature had deleted long-term foster care as an option, identifying only adoption and guardianship as possible permanent plans under section 366.26(c)(3). (*Ramone R., supra*, 132 Cal.App.4th at pp. 1349–1350.) Therefore, the *Ramone R.* court concluded that the 180-day period for seeking an adoptive placement could no longer be deemed a continuance of the section 366.26 hearing, and that the usual rule permitting appeals from postdispositional orders in dependency proceedings applies to section 366.26(c)(3) orders. (*Ramone R.*, at pp. 1350–1351; accord, *Gabriel G., supra*, 134 Cal.App.4th at p. 1438.)

As the *Gabriel G.* court explained, referring to the subdivisions as they were lettered and numbered at the pertinent times, "[p]rior to 2003, [section 366.26,] subdivision (c)(3) provided that following the expiration of the extra time allowed for seeking an adoptive placement, 'another hearing shall be held and the court shall proceed pursuant to paragraph (1), (3), or (4) of subdivision (b). . . .' (Stats. 2001, ch. 747, § 3.) This meant that at the further hearing the juvenile court could select adoption, legal guardianship, or long-term foster care, which, arguably, made the further hearing like a continuance of the section 366.26 hearing. Now, however, the Legislature has eliminated the option of long-term foster care when no adoptive placement is found. The court must 'proceed pursuant to paragraph (1) or (3) of subdivision (b) . . . .' (§ 366.26, subd. (c)(3).) That is, at the expiration of the 180-day period, the court is limited to the choices of adoption and legal guardianship. It follows that reversal of an erroneous subdivision (c)(3) ruling would not be an idle gesture because it would have the effect of returning the parties to the initial permanency planning stage and permit the selection of long-term foster care as the permanent placement plan, a situation that could not be achieved by allowing the matter to proceed along the course directed by the current version of subdivision (c)(3)." (*Gabriel G., supra*, 134 Cal.App.4th at p. 1436.)

The *Y.R.* court found this reasoning "puzzling." (*Y.R., supra*, 152 Cal.App.4th at p. 111.) It took the view that long-term foster care is authorized by section 366.3 regardless of the provisions of section 366.26(c)(3). "[I]t is plain in section 366.3 that long-term foster care remains the de facto placement for children who are not freed for adoption or placed with a guardian. (See § 366.3, subds. (d) & (g).) For these children, [the social services agency] and the juvenile court must continue efforts to obtain more permanent placement in the form of adoption or a guardianship. (*Ibid.*) But that does not mean the children cannot remain in foster care in the interim . . . ." (*Y.R.,* at p. 111.)

These comments were dicta. The holding in *Y.R.* was limited to the conclusion that the juvenile court's finding of a "probability" of adoption under section 366.26(c)(3) did not preclude a mother from challenging the subsequent determination that her children were "likely" to be adopted under section 366.26(c)(1). (*Y.R., supra*, 152 Cal.App.4th at p. 111.) In any event, the court's statutory analysis was flawed. It ignored the plain terms of section 366.26(c)(3), which require that "another hearing shall be held and the court shall proceed pursuant to paragraph (1) or (4) of subdivision (b)." The omission of any reference to paragraph (5), which authorizes long-term foster

care, reflects a legislative conclusion that long-term foster care is inappropriate once adoption is found to be probable under section 366.26(c)(3). (See *Gabriel G., supra,* 134 Cal.App.4th at pp. 1436–1438 [discussing the provision's legislative history].)

The *Y.R.* court's suggestion that foster care may nevertheless be ordered under section 366.3 does not withstand examination. Section 366.3 provides: "At the review held pursuant to subdivision (d) for a child in long-term foster care, the court shall consider all permanency planning options for the child . . . . The court shall order that a hearing be held pursuant to Section 366.26, unless it determines by clear and convincing evidence that there is a compelling reason for determining that a hearing held pursuant to Section 366.26 is not in the best interest of the child . . . ." (§ 366.3, subd. (h) (formerly subd. (g)).) Clearly, these provisions do not apply at a hearing held under section 366.26(c)(3), which is itself "a hearing held pursuant to Section 366.26." (§ 366.3, subd. (h).)[3] Section 366.3, subdivision (h) applies to children placed in long-term foster care under section 366.26(b)(5), which provides in turn for "periodic review of the juvenile court under Section 366.3." When the court proceeds instead under section 366.26(b)(3) and (c)(3), the Legislature has specifically limited the permanency planning options to adoption or guardianship. Thus, the provisions of section 366.3, subdivision (h) contemplating the initiation of another full hearing under section 366.26 cannot apply.[4]

The Department argues that if neither adoption nor guardianship is a feasible placement after the 180-day search period, long-term foster care is the only practical alternative. However, the legislative scheme does not foreclose any avenue toward a suitable placement. If adoption proves to be impossible, that change of circumstances would justify a modification of the findings and order made by the court under section 366.26(b). (§ 388.) In a modification proceeding, all the relevant circumstances will be before the court and long-term foster care can be instituted with the appropriate

---

[3] The terms of section 366.3, subdivision (d) are also inconsistent with those of section 366.26(c)(3). Section 366.3, subdivision (d) permits status review by a local agency if parental rights have not been terminated, a provision with no parallel in section 366.26(c)(3), and contemplates review by the court in circumstances that do not ordinarily pertain to section 366.26(c)(3) hearings.

[4] Amicus curiae San Diego County Health and Human Services Agency argues that the Legislature's elimination of long-term foster care from the placement options provided in section 366.26(c)(3) was unintentional. This claim was soundly rejected by the *Gabriel G.* court, based on the legislative history. (*Gabriel G., supra,* 134 Cal.App.4th at pp. 1436–1438.)

provisions for periodic review, ensuring that the child is not in danger of falling through the cracks. (§ 366.3.)

Accordingly, we find no persuasive reason for excepting section 366.26(c)(3) orders from the usual rule of appealability in dependency proceedings. One might argue that an appeal is an unduly cumbersome process for reviewing an order that provides only 180 days to search for an adoptive family. Yet, orders made by the juvenile court at review hearings held every six months are routinely appealable. (See, e.g., *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1147–1151 [65 Cal.Rptr.2d 913].) In any event, the Legislature has neither precluded appeals nor made any alternate arrangement for review of a section 366.26(c)(3) order.

■ "[W]e have repeatedly held that if the Legislature intends to abrogate the statutory right to appeal, that intent must be clearly stated. 'The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment . . . .' [Citations.]" (*In re Matthew C., supra*, 6 Cal.4th at p. 394.) The interests of parents and children are substantially affected by a section 366.26(c)(3) order. (*Ramone R., supra*, 132 Cal.App.4th at pp. 1351–1352; *Gabriel G., supra*, 134 Cal.App.4th at pp. 1436–1438.) A social services agency may also be substantially affected and wish to pursue an appeal if, for instance, the court rejected its recommendation for a relative guardianship under section 366.26(b)(2), and proceeded instead under section 366.26(c)(3). ■ We conclude that section 366.26(c)(3) orders are appealable under section 395.[5]

We note that section 366.26(c)(3), as it currently stands, invites legislative reconsideration in another respect. After the search for an adoptive placement, the statute permits the juvenile court to proceed only with adoption (§ 366.26(b)(1)) or appointment of a *nonrelative* legal guardian (§ 366.26(b)(4)). As currently framed, it does not permit the court to appoint a *relative* as legal guardian under section 366.26(b)(2), even though the statutory scheme places a higher preference on relative guardianship than on nonrelative guardianship.[6] Should the Legislature decide to correct this anomaly, it will have an opportunity to consider the matter of appealability.

---

[5] To the extent they conflict with this conclusion, the opinions in *In re Y.R., supra*, 152 Cal.App.4th 99, *In re Cody C., supra*, 121 Cal.App.4th 1297, and *In re Jacob S., supra*, 104 Cal.App.4th 1011, are disapproved.

[6] See Statutes 2007, chapter 565, section 4; Statutes 2008, chapter 482, sections 5, 5.5, 5.6.

## DISPOSITION

We reverse the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.