Filed 10/24/22  In re J.W. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re J.W., A Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>H.H.,<br><br>        Defendant and Appellant. | D080455<br><br>(Super. Ct. No. EJ4645) |

APPEAL from an order of the Superior Court of San Diego County, Marissa A. Bejarano, Judge.  Conditionally reversed and remanded with directions.

Vincent Uberti, under appointment by the Court of Appeal, for Defendant and Appellant.

Caitlin E. Rae, Chief Deputy County Counsel, Claudia Silva, Acting County Counsel, and Tahra Broderson, Senior Deputy County Counsel for Plaintiff and Respondent.

# I.

## INTRODUCTION

This is the second of two appeals brought by H.H. (Mother) regarding Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) findings made during juvenile dependency proceedings for Mother's minor son, J.W. In her first appeal, Mother challenged the juvenile court's finding that ICWA did not apply at a jurisdictional and dispositional hearing. Nearly eight months later, while her first appeal was still pending, Mother filed a second appeal challenging the juvenile court's subsequent finding that ICWA did not apply at a Welfare and Institutions Code section 366.21(e)[1] hearing.

Although we resolved Mother's first appeal and remanded for the limited purpose of requiring compliance with ICWA, Mother's second appeal remains pending. As before, this appeal concerns whether the San Diego County Health and Human Services Agency (Agency) failed to conduct an adequate initial inquiry into minor J.W.'s potential Native American ancestry, as required by ICWA. The Agency concedes its initial inquiry under ICWA was deficient and that the error was prejudicial. We accept the Agency's concession, conditionally reverse the court's order, and remand for the limited purpose of ICWA compliance.

---

[1]     Further statutory references are to the Welfare and Institutions Code unless noted.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A.     *The First Appeal*

In her first appeal, Mother challenged the juvenile court's finding at the September 28, 2021 jurisdictional and dispositional hearing that ICWA did not apply.[3]  On June 24, 2022, we issued our opinion resolving that appeal.  In relevant part, we concluded that the juvenile court's ICWA finding was not supported by substantial evidence because the Agency had failed to conduct ICWA inquiries with paternal grandparents, maternal grandparents, and paternal aunt.  For that reason, we remanded for the limited purpose of requiring the Agency to complete its ICWA inquiry obligations.

The following excerpt from our opinion in *J.W. I* summarizes the first appeal's factual background relevant to ICWA:

"In its June 2, 2021 petition, the Agency indicated a social worker made an inquiry of Mother, who gave the social worker no reason to believe J.W. is or may be an Indian child.  The Agency did not provide any information about whether it made an inquiry of Father, and noted it had not yet completed its inquiry.

---

[2]     We grant the Agency's unopposed request for judicial notice of our unpublished decision, *In re J.W.* (June 24, 2022, D079636) (*J.W. I*), in Mother's prior appeal.  (See Evid. Code § 452, subd. (d).)  Because *J.W. I* contains a more detailed account of the facts and procedure of the underlying dependency case, we repeat here only those facts relevant to ICWA.

[3]     In her previous appeal, Mother also contended the court's jurisdictional finding and dispositional order was not supported by substantial evidence— an issue that is not relevant to the present appeal, which concerns only ICWA.  Thus, we limit our discussion accordingly.

"In its June 3, 2021 detention report, the Agency reported it was unknown whether Father had any Indian ancestry. The Agency confirmed Mother denied having any Indian ancestry on May 13, 2021.

"At the detention hearing on June 4, 2021, Mother again confirmed she had no Indian ancestry. Father indicated he may have Indian heritage, specifically, Apache. The court ordered the Agency to begin its reasonable efforts to verify Father's claim of possible Apache heritage and provide notice accordingly. The court deferred on the ICWA issue.

"On June 11, 2021, Father informed the Agency that his mother's mother (paternal grandmother's mother) had a small amount of Apache but it was not enough to be a registered tribal member. No one from his family was a registered tribal member or had ever lived on a reservation. According to Father, his paternal grandmother's mother had passed away five or 10 years ago and no other family members had any more information regarding his ancestry.

"The Agency interviewed maternal grandmother and maternal grandfather on June 16, 2021, but there is no indication the Agency asked them about J.W.'s potential Indian ancestry.

"The Agency called paternal grandmother and left voicemails on June 17 and 18, 2021, to inquire about her potential Apache ancestry but did not receive a return call.

"At the jurisdiction and disposition hearing on June 24, 2021, the Agency indicated it needed to finish its inquiry as to Father's alleged Apache heritage.

"In its addendum report for the September 28, 2021 jurisdiction and disposition hearing, the Agency noted that paternal grandfather attended a visitation on June 30, 2021. However, there is no indication the Agency

4

asked him about J.W.'s potential Indian ancestry. Likewise, paternal grandmother and paternal aunt attended a visitation on July 26, 2021, but there is no indication the Agency made any ICWA inquiry.

"The Agency reported that it sent letters to eight Apache tribes to further inquire whether J.W. is or may be an Indian child. Seven of those tribes sent responsive letters, which the Agency attached to its report, stating that J.W. was not eligible for membership in those tribes. The eighth tribe did not respond after five follow up emails and five follow up calls.

The court found [at the jurisdiction and disposition hearing] that ICWA does not apply to this case." (*Ibid.*)

B.    *The Second Appeal and Subsequent Proceedings*

While her first appeal was still pending, Mother filed a second appeal on June 7, 2022, challenging only the juvenile court's subsequent finding that ICWA did not apply at a May 23, 2022 six-month-review hearing. We outline below the relevant events that preceded this finding.

In the Agency's May 5, 2022 addendum report, the Agency reported that on May 4, 2022, Mother, Father, paternal grandparents, and maternal grandparents had denied Native American ancestry or having received any benefits from tribes. Father and paternal grandmother also stated that paternal aunt's blood test revealed she did not have sufficient Native American ancestry to qualify for benefits from any tribes. The record on appeal does not indicate, however, that the Agency ever conducted an ICWA inquiry with paternal aunt.

Maternal great-grandmother appeared at the May 23, 2022 contested six month review hearing, but again, the record does not indicate that she was ever asked about J.W.'s possible Native American ancestry. At that section 366.21 hearing, the juvenile court adopted the Agency's March 23,

5

2022 status report recommendations, including the Agency's proposed finding that ICWA's inquiry requirements had been satisfied. The court then issued a minute order stating, "Notice pursuant to [ICWA] is not required because the court knows the child is not an Indian child. Reasonable inquiry has been made to determine whether the child is or may be an Indian child." Mother appealed the May 23, 2022 order, challenging only the court's ICWA finding.[4]

## III.

## DISCUSSION

In this appeal, Mother contends only that the juvenile court erred by again finding ICWA inapplicable before the Agency had completed its initial inquiry. The Agency concedes, subject to our reaching the merits, that its ICWA inquiry was deficient and needs to be completed.[5] Accordingly, we conditionally reverse the court's order and remand for the limited purpose of ICWA compliance.

---

[4] Father also appealed on the same basis but later requested dismissal of his appeal, which we granted. Because he is not a party to this appeal, we discuss him only as needed.

[5] We deny the Agency's motion to dismiss this appeal as premature. In contrast to the authorities cited by the Agency, the juvenile court here did make an ICWA finding—at a contested section 366.21 six-month review hearing subsequent to the dispositional hearing. (Cf. *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, 461 [appeal challenging ICWA inquiry was premature where court had not made any ICWA findings]; *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [same].) Such an order is "directly appealable without limitation." (Welf. & Inst. Code § 395 ["A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment."]; see also *In re S.B.* (2009) 46 Cal.4th 529, 532 ["The dispositional order is the 'judgment' referred to in section 395, and all subsequent orders are appealable."].)

6

A. *ICWA Inquiry Duties, Generally*

Congress enacted ICWA to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement with non-Indian families. (*Isaiah W.* (2016) 1 Cal.5th at p. 7.) Under California law adopted pursuant to ICWA, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a); see *Isaiah W.*, at p. 9.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*).)

A juvenile court finding that ICWA is inapplicable generally implies that the Agency has fulfilled its inquiry duty. (See *In re Austin J.* (2020) 47 Cal.App.5th 870, 885 (*Austin J.*) [a finding that "ICWA does not apply" implies social workers and court "did not know or have a reason to know the children were Indian children and that social workers had fulfilled their duty of inquiry"].) We review ICWA findings for substantial evidence, but "where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied." (*D.S.*, *supra*, 46 Cal.App.5th at p. 1051.)

B.    *Initial Inquiry*

Mother contends substantial evidence does not support the court's finding that the ICWA inquiry requirements were satisfied. Specifically, she complains that the Agency did not interview paternal aunt or maternal great-grandmother. The Agency concedes that it should have conducted ICWA inquiries with these family members and that the error was prejudicial.

We accept the Agency's concession. As we concluded in *J.W. I,* paternal aunt is an "extended family member" under ICWA. (See 25 U.S.C. § 1903(2); Welf. & Inst. Code, § 224.1, subd. (c).) And maternal great-grandmother, who appeared at the May 23, 2022 juvenile dependency hearing, is an individual "who ha[s] an interest in the child." (See Welf. & Inst. Code, § 224.2, subd. (b).) Thus, both relatives should have been asked about J.W.'s possible Native American ancestry. As the Agency further concedes, the error was prejudicial because Father previously claimed Apache heritage. (See, e.g., *In re Y.M.* (2022) 82 Cal.App.5th 901[adopting ICWA prejudicial error standard set forth in *In re Benjamin M.* (2021) 70 Cal.App.5th 735 (*Benjamin M.*); *id.* at p. 744 [ICWA inquiry error was prejudicial where missing information was "readily obtainable" and "likely to bear meaningfully upon whether the child is an Indian child"].)

For the previous reasons, we conclude substantial evidence does not support the juvenile court's finding that ICWA did not apply. The Agency and Mother agree that a limited remand is appropriate to ensure compliance with the inquiry provisions of ICWA and section 224.2. Therefore, we conditionally reverse the section 366.21 order with a limited remand for compliance with ICWA.

Given the importance of expediency and need for finality, we encourage the parties to stipulate to immediate issuance of the remittitur in this case. (Cal. Rules of Court, rule 8.272(c)(1).)

DISPOSITION

The juvenile court's section 366.21 order is conditionally reversed. The matter is remanded to the juvenile court with directions to comply with the inquiry provisions of ICWA and section 224.2 (and, if applicable, the notice provisions under section 224.3). If, after completing its inquiry, neither the Agency nor the juvenile court has reason to believe or reason to know that J.W. is an Indian child, the order shall be reinstated. If the Agency or the juvenile court has reason to believe or reason to know J.W. is an Indian child, the juvenile court shall proceed accordingly.

IRION, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

9